IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:17-CV-375-FL

| | |
|---|---|
| MARIA S. REMINGTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNIVERSITY OF NORTH CAROLINA ) | |
| AT CHAPEL HILL, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on the *pro se* Plaintiff's combined motion for extension of time and motion to file her *in forma pauperis* application under seal. [DE-11]. Plaintiff initially filed a motion for leave to proceed *in forma pauperis* and complaint on July 24, 2017. [DE-1]. Plaintiff filed an amended complaint on September 12, 2017. [DE-5]. Plaintiff was ordered to file her *in forma pauperis* application on the correct form and to correct other procedural deficiencies by no later than October 5, 2017. [DE-6]. Plaintiff subsequently addressed the deficiencies [DE-7 through -10], but filed her *in forma pauperis* application as a proposed sealed document and now asks the court to seal it permanently, [DE-11] at 2. Plaintiff also seeks an extension of time to comply with the deadlines in the court's September 6, 2017 order. *Id.* at 1.

With respect to Plaintiff's motion for extension of time, it appears Plaintiff has confused the September 6, 2017 deadline set by the court in another case with the deadlines in this case. *See Remington v. Dipierro*, No. 5:17-CV-374-BR, Order [DE-3] (E.D.N.C. Aug. 7, 2017) (ordering plaintiff to particularize her complaint and pay the filing fee or file an *in forma pauperis* application by no later than September 6, 2017). In this case, Plaintiff has already complied with the deadlines set by the court by filing her civil cover sheet [DE-4], notice of self-representation [DE-7],

financial disclosure statement [DE-8], proposed summons [DE-9], and *in forma pauperis* application on the correct form [DE-10]. Plaintiff has also filed an amended complaint. [DE-5]. Accordingly, there is no clear purpose the extension of time would serve and the motion in that respect is denied.

Plaintiff also moves the court to seal her *in forma pauperis* application because it contains "very sensitive information" that can be used against her if disclosed to the public and will affect Plaintiff and her children. [DE-11] at 2. "[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (internal footnote omitted). "The right of public access springs from the First Amendment and the common-law tradition that court proceedings are presumptively open to public scrutiny." *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004). However, this presumption "'can be rebutted if countervailing interests heavily outweigh the public interests in access,' and '[t]he party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption.'" *Id.* (quoting *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)). Applications to proceed *in forma pauperis* are generally accessible to the public, despite containing some financial information regarding the applicant, and Plaintiff has not provided any specific reason why her application should be sealed. *See SAI v. Dep't of Homeland Sec.*, 149 F. Supp. 3d 99, 127 (D.D.C. 2015) ("Section 1915 requires the submission of a detailed affidavit, and, under the Court's practice these submissions, like other filings, are a matter of public record.). Plaintiff's stated reason for requesting to seal the application—that the information contained in the application can be used against her and will affect her and her children—is conclusory and fails to demonstrate any interest that outweighs the public interests in access. *See id.* at 128 (concluding that a litigant must demonstrate a particularized need for filing an *in forma pauperis* application

under seal because otherwise "the public would be denied important transparency in the working of the judiciary, opposing parties would be deprived of the opportunity to raise objections, and the courts would lose a corresponding check on potential misstatements or omissions in IFP affidavits."); *see also Sai v. U.S. Postal Serv.*, 135 S. Ct. 1915, 191 L. Ed. 2d 762 (2015) (denying petition for writ of certiorari seeking review of the denial of a motion to file *in forma pauperis* application under seal and *ex parte*). Accordingly, Plaintiff's motion to seal her *in forma pauperis* application is denied.

Local Civil Rule 79.2(b)(3) governs the handling of proposed sealed documents when a motion to seal is denied and provides as follows:

> If the motion to seal is denied, the document will remain sealed and the word "proposed" will remain in the docket entry for the document in order to preserve the record. The document will not be considered by the court, except as provided herein or as otherwise ordered by the court. A party desiring to remove a proposed sealed document or docket entry therefor from the docket sheet must file a motion to strike in accordance with Local Civil Rule 7.1. A party whose motion to seal is denied but that desires the court to consider a proposed sealed document as a publicly filed document shall file the document as a public document within 3 days after entry of the order denying the motion to seal or within such other period as the court directs.

**If Plaintiff wants the court to consider her *in forma pauperis* application, she must refile it as a public document in conformity with Local Civil Rule 79.2(b)(3), or alternatively Plaintiff can pay the $400.00 filing and administrative fee, within 14 days of the date of this order.**

SO ORDERED, this the _n_ day of October 2017.

Robert B. Jones, Jr.
United States Magistrate Judge

3