IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:17-CV-00375-FL

| | |
|---|---|
| MARIA S. REMINGTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM AND |
| ) | RECOMMENDATION |
| UNIVERSITY OF NORTH CAROLINA ) | |
| AT CHAPEL HILL, ) | |
| ) | |
| Defendant. ) | |

This matter comes before the court to address Plaintiff's failure to respond to two orders of the court: first, Plaintiff failed to respond to the court's October 11, 2017 order, which in relevant part denied Plaintiff's motion to seal her *in forma pauperis* application and directed Plaintiff to either refile her application as a public document, to the extent she wanted the court to consider it, or to pay the $400.00 filing and administrative fee within 14 days, [DE-12]; and second, Plaintiff failed to respond to the court's October 31, 2017 order to show cause in writing why the undersigned should not recommend to the district court that this case be dismissed for failure to pay the filing fee or to file a proper *in forma pauperis* application, [DE-14]. Plaintiff was also afforded the opportunity to satisfy her obligations under the October 31, 2017 show cause order by complying with the court's October 11, 2017 order to either refile her application as a public document, to the extent she wanted the court to consider it, or to pay the $400.00 filing and administrative fee within 14 days. To date, Plaintiff has neither paid the filing fee nor filed a proper *in forma pauperis* application.

A court has the inherent power to dismiss a case *sua sponte* for lack of prosecution or failure

to comply with a court order. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); *United States v. Merrill*, 258 F.R.D. 302, 308 (E.D.N.C. 2009) ("Although Rule 41(b) does not itself provide for *sua sponte* dismissal, a district court has the inherent power to dismiss a case for lack of prosecution or violation of a court order.") (citations omitted). However, "dismissal is not a sanction to be invoked lightly." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (citing *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978)).

Here, Plaintiff has failed to file a proper *in forma pauperis* application, failed to pay the filing fee, and failed to respond to two court orders. Plaintiff was also warned that a failure to respond to the show cause order may result in dismissal of the case. Given these failures, it appears Plaintiff lacks the intent to prosecute her claims at this time. Accordingly, it is RECOMMENDED that the case be DISMISSED for failure to prosecute and to comply with the court's orders.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on Plaintiff. You shall have until **December 11, 2017** to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If a party does not file written objections to the Memorandum and Recommendation by the foregoing deadline, the party will be giving up the right to review of the Memorandum**

and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, the party's failure to file written objections by the foregoing deadline will bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846–47 (4th Cir. 1985).

SUBMITTED, this the 27 day of November 2017.

Robert B. Jones, Jr.
United States Magistrate Judge