IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:17-CV-375-FL

| | | |
|---|---|---|
| MARIA S. REMINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNIVERSITY OF NORTH CAROLINA AT | ) | |
| CHAPEL HILL, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on plaintiff's motion for leave to proceed in forma pauperis (DE 1), corrected motion for leave to proceed in forma pauperis (DE 20), and motion for extension of time (DE 22). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b),United States Magistrate Judge Robert B. Jones, Jr., entered a memorandum and recommendation ("M&R"), wherein it is recommended that the court dismiss plaintiffs' complaint for failure to prosecute and to comply with the court's orders. The time for filing objections to the M&R has passed, and in this posture, the issues raised are ripe for ruling.

## BACKGROUND

Plaintiff filed a motion for leave to proceed in forma pauperis on July 24, 2017, accompanied by a proposed complaint stating: "Now comes the plaintiff with a complaint for racial discrimination from defendant." (DE 1-1). The clerk mailed notices of deficiency to plaintiff on August 24, 2017, for the following reasons: 1) failure to file financial disclosure statement; 2) failure to file a civil case cover sheet; 3) failure to file notice of self representation. Plaintiff filed a civil case cover sheet

on September 12, 2017, accompanied by a proposed amended complaint, wherein she states a claim against defendant under 42 U.S.C. §§ 1981, 1983, 1985, and 1988, and she alleges that she was enrolled as a student with defendant but was forced to drop out due to denial of access to her vehicle, scholarships, books, funds, as well as other alleged actions by defendant. (DE 5 at 2-3). Plaintiff seeks jury trial and damages.

On September 12, 2017, the court entered an order noting that plaintiff's motion for leave to proceed in forma pauperis was not filed on the correct form. In addition, the order noted that plaintiff failed to file a completed summons, financial disclosure statement, and notice of self-representation. The court provided information for obtaining copies of the necessary forms. The court directed plaintiff to correct these deficiencies no later than October 5, 2017, warning that failure to do so may result in dismissal without prejudice of the complaint.

Thereafter, on September 14, 2017, plaintiff filed a notice of self-representation, financial disclosure statement, and proposed summons. On September 28, 2017, plaintiff filed a proposed sealed form application to proceed in forma pauperis, motion to seal the same, as well as a motion for extension of time. On October 11, 2017, the court entered an order denying the motion for extension of time as moot. With respect to the motion to seal, the court determined that plaintiff had not demonstrated a particularized need for sealing, and the court denied the motion to seal the same. The court warned plaintiff: "If Plaintiff wants the court to consider her in forma pauperis application, she must refile it as a public document in conformity with Local Civil Rule 79.2(b)(3), or alternatively Plaintiff can pay the $400.00 filing and administrative fee, within 14 days of the date of this order." (DE 12 at 3).

On October 12, 2017, plaintiff filed a notice of change of address referencing the instant matter and another matter in this court, Remington v. Dipeirro, 5:17-CV-374-BR (the "Dipeirro case").[1] Plaintiff also filed a notice and request for waiver of service of summons directed to defendant. (See DE 13).

On October 31, 2017, the court entered an order noting plaintiff's failure to respond to the court's October 11, 2017, order, and directing plaintiff to show cause no later than November 14, 2017, why the magistrate judge should not recommend to the district court that the case be dismissed for failure to pay the filing fee or to file a proper in forma pauperis application. Alternatively, the order noted that plaintiff may satisfy her obligations under the show cause order by refiling her application as a public document or to pay the $400.00 filing and administrative fee within 14 days. The court again warned plaintiff that failure to respond to the court's order may result in dismissal of this case.

On November 27, 2017, noting that plaintiff had failed to respond to the court's October 11, 2017, order, and October 31, 2017, order to show cause, and noting that plaintiff was warned of consequence of dismissal in failing to respond, the magistrate judge entered M&R recommending that the case be dismissed for failure to prosecute and to comply with the court's orders. The M&R provided instructions on filing objections to the M&R on or before December 11, 2017.

On November 28, 2017, plaintiff filed a corrected motion for leave to proceed in forma pauperis. On December 5, 2017, plaintiff filed a notice of lawsuit and request for waiver of service directed to defendant. On December 11, 2017, plaintiff filed the instant motion for extension of time

---

[1] Plaintiff's motion for leave to proceed in forma pauperis also is pending in the Dipeirro case. A magistrate judge entered memorandum and recommendation ("M&R") in the Dipeirro case on November 8, 2017, recommending that plaintiff's motion for leave to proceed in forma pauperis be denied. That M&R remains pending.

"request[ing] more time to respond due to untimely receiving mail etc. Today Dec 11, 2017, for this case.

## DISCUSSION

### A.  Standard of Review

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed.  28 U.S.C. § 636(b).  The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).  Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R.  Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983).  Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). B.

### B.     Analysis

#### 1.      Motion for Extension of Time

In her motion for extension of time, plaintiff suggests she needs more time to respond to unspecified matters due to "untimely receiving mail etc." (DE 22 at 1).  Attached thereto is a receipt specifying "FedEx Office."  (Id. at 2).  However, neither the motion nor the attachment provides a basis for an extension of time under the circumstances presented.  Plaintiff filed a notice of change of address on October 12, 2017, and there is no indication in the record that mail has been returned as undelivered.  Plaintiff has filed documents in this matter following the court's October 11, 2017, order, the October 31, 2017, order, and the court's November 27, 2017, M&R.  The court will

address below the status of the present action in light of those filings.  Accordingly, plaintiff's

motion for extension of time is DENIED.

### 2. Recommendation of Dismissal

In the M&R, it is recommended that the court dismiss this case for failure to prosecute and

for failure to comply with the court's orders.  Plaintiff failed to comply with the court's October 11,

2017, order directing plaintiff to file an in forma pauperis application in the time prescribed.

Plaintiff also failed to comply with the court's October 31, 2017, show cause order, warning that

failure to respond may result in dismissal of the action.  Finally, plaintiff has not filed specific

objections to the determination in the M&R that the case should be dismissed for failure to prosecute

and for failure to comply with the court's orders.

Plaintiff's filing of a corrected motion for leave to proceed in forma pauperis on November

28, 2017, does not serve to show cause why this action should not be dismissed for failure to

prosecute and failure to comply with the court's orders.  It also does not "direct the court to a

specific error in the magistrate's proposed findings and recommendations," on those issues presented

in the M&R.  Orpiano, 687 F.2d at 47.  Plaintiff's filing of corrected motion for leave to proceed in

forma pauperis appears to be an attempt to correct her prior dilatory conduct in this litigation and

disregard of the court's prior orders.  It does not, however, provide a justification or basis for such

conduct and disregard of the court's prior orders.  While the court recognizes that plaintiff is

proceeding pro se, such status does not provide a basis to excuse the solemn obligation to follow the

court's orders and rules of civil procedure.  Accordingly, the court adopts the recommendation in

the M&R and dismisses this action for failure to prosecute and for failure to comply with the court's

orders. Plaintiff's original motion and corrected motion for leave to proceed in forma pauperis (DE 1, 20), accordingly is dismissed as moot.

The court's dismissal of the instant matter is without prejudice. However, plaintiff is cautioned that further litigation conduct that is dilatory or in disregard of the court's orders and rules of civil procedure may result in additional sanctions or pre-filing injunction.

**CONCLUSION**

Based on the foregoing, the court DENIES plaintiff's motion for extension of time (DE 22), ADOPTS the M&R (DE 17), and DISMISSES WITHOUT PREJUDICE this action for failure to prosecute and for failure to comply with the court's orders. The court DISMISSES AS MOOT plaintiff's original motion and corrected motion for leave to proceed in forma pauperis (DE 1, 20). Plaintiff is cautioned that further litigation conduct that is dilatory or in disregard of the court's orders and rules of civil procedure may result in additional sanctions or pre-filing injunction. The clerk is DIRECTED to close this case.

SO ORDERED, this the 18th day of December, 2017.


LOUISE W. FLANAGAN
United States District Judge

6